Charles M. Lizza
William C. Baton
Sarah A. Sullivan
SAUL EWING ARNSTEIN & LEHR LLP
One Riverfront Plaza, Suite 1520
Newark, New Jersey 07102-5426
(973) 286-6700

*Attorneys for Plaintiff*
*Helsinn Healthcare S.A.*

*Of Counsel*:

Joseph M. O'Malley, Jr.
Eric W. Dittmann
Young J. Park
Isaac S. Ashkenazi
Dana Weir
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6000

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| HELSINN HEALTHCARE S.A., <br><br> Plaintiff, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC. and TEVA PHARMACEUTICAL INDUSTRIES, LTD., <br><br> Defendants. | Civil Action No. 11-3962 (SRC)(CLW) (Consolidated) <br><br> **Hon. Stanley R. Chesler, U.S.D.J.** <br> **Hon. Cathy J. Waldor, U.S.M.J.** <br><br> (Filed Electronically) |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO TEVA'S MOTION FOR BILL OF COSTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(d)(1) AND LOCAL CIVIL RULE 54.1

# **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................1

I.    Applicable Law..............................................................................4

II.   Helsinn's Objections to Teva's Bill of Costs .................................6

      A.    Teva's Request for Costs Associated with
Deposition and Trial Transcription Should Be Reduced ....................6

           1.    Teva's Request for Costs Should Be
Reduced for Including Items Unnecessary for Trial.................6

           2.    Teva's Request for Costs Should Be Reduced
for Failing to Account for Its Vendor Discount........................8

           3.    Teva's Unsubstantiated Costs Should Be Denied ....................9

           4.    Teva's Request for Costs Should
Be Adjusted to Correct Apparent Miscalculations ................10

           5.    Helsinn's Determination of Taxable Costs
Associated with Deposition and Trial Transcription ..............11

      B.    Teva's Request for Premium Airfare
Costs Should Be Reduced as Excessive...........................................16

CONCLUSION ........................................................................................18

# <u>TABLE OF AUTHORITIES</u>

## Cases

*Crawford Fitting Co. v. J.T. Gibbons, Inc.*,
   482 U.S. 437 (1987) ............................................................4

*Depomed, Inc. v. Actavis Elizabeth LLC*,
   Civ. Action No. 13-4507,
   2018 WL 999673 (D.N.J. Feb. 21, 2018)................................... 5, 6, 17

*Fischer v. Avanade, Inc.*,
   Civ. Action No. 05-5594,
   2007 WL 3232494 (N.D. Ill. Oct. 31, 2007) ..........................9

*Greene v. Fraternal Order of Police*,
   183 F.R.D. 445 (E.D.  Pa. Dec. 21, 1998)............................17

*In re Jacoby Airplane Crash Litig.*,
   Civ. Action No. 99-6073,
   2008 U.S. Dist. LEXIS 118037 (D.N.J. Oct. 7, 2008) .........................17

*Lasky v. Mooresetown Twp.*,
   Civ. Action No. 09-05624,
   2013 WL 1222648 (D.N.J. Mar. 22, 2013) ..........................10

*Merck Sharp & Dohme Corp. v. Mylan Pharms. Inc.*,
   Civ. Action No. 09-6383,
   D.I. 477 (D.N.J. Dec. 4. 2012) ............................................9

*Michael J. Benenson Assocs., Inc. v. Orthopedic Network of New Jersey*,
   54 F. App'x 33 (3d Cir. Nov. 8, 2002)..................................10

*Mylan Inc. v. SmithKline Beecham Corp.*,
   Civ. Action No. 10-4809,
   2015 WL 1931139 (D.N.J. Apr. 28, 2015)..............................6

*New Jersey Mfrs. Ins. Grp. v. Electrolux, Inc.*,
   Civ. Action No. 10-1597,
   2013 WL 517161 (D.N.J. Oct. 21, 2013) ....................................................6

*In re Paoli R.R. Yard PCB Litig.*,
   221 F.3d 449 (3d Cir. 2012) ......................................................................5

*Reger v. Nemours Found., Inc.*,
   599 F.3d 285 (3d Cir. 2010) ......................................................................5

*Robert Bosch, LLC v. Snap-On Inc.*,
   Civ. Action No. 12-11503,
   D.I. 179 (E.D. Mich. Sept. 25, 2014) ......................................................9

*Romero v. CSX Transp., Inc.*,
   270 F.R.D. 199 (D.N.J. 2010) ..................................................................4

*Stevens v. D.M. Bowman, Inc.*,
   Civ. Action No. 07-2603,
   U.S. Dist. LEXIS 3065 (E.D. Pa. Jan. 15, 2009) ..................................10

*Taniguchi v. Kan Pacific Saipan, Ltd.*,
   556 U.S. 560 (2012) ..................................................................................5

## Other Authorities

28 U.S.C. § 1821 .............................................................................................4

28 U.S.C. § 1821(c)(1) ..................................................................................16

Fed. R. Civ. P. 54(d)(1) ..................................................................................4

L. Civ. R. 54.1(a) ............................................................................................4

L. Civ. R. 54.1(b) .................................................................................. 4, 5, 10

Plaintiff Helsinn Healthcare S.A. ("Plaintiff" or "Helsinn") respectfully submits this memorandum in opposition to Defendants Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries, Ltd.'s (collectively, "Defendants" or "Teva") Motion for Bill of Costs Pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Civil Rule 54.1 (D.I. 403).

## INTRODUCTION

This Hatch-Waxman patent infringement case involves U.S. Patent Nos. 7,947,724, 7,947,725, 7,960,424, and 8,598,219 ("the '219 patent")[1] (collectively, "the patents-in-suit"). Each of the patents-in-suit covers Helsinn's Aloxi® brand palonosetron hydrochloride injections. Following a 12-day bench trial, this Court found the asserted claims of the patents-in-suit to be infringed and valid. (D.I. 360.) In finding validity, this Court rejected Teva's on-sale bar, obviousness, and written description defenses. (*Id.*)

Teva then appealed this Court's on-sale bar ruling, and the Federal Circuit ultimately reversed this decision as to the patents-in-suit, including the '219 patent. (D.I. 133 (16-1284, -1787).) On June 30, 2017, Helsinn petitioned for rehearing en banc, which was denied on January 16, 2018. (D.I. 195 (16-1284, -1787).) Consequently, Helsinn filed a petition for writ of certiorari on February 28, 2018 at the Supreme Court, requesting review of the Federal Circuit's reversal of this

---

[1] The '219 patent is the only patent-in-suit governed by the on-sale bar provision under the Leahy-Smith America Invents Act ("AIA").

Court's on-sale bar ruling as to the '219 patent.  (Petition for a Writ of Cert. (17-1229), Feb. 28, 2018.)  This petition is pending.[2]

On March 8, 2018, Teva filed a motion to tax Helsinn $101,808.42 in costs. (D.I. 403-1.)  Teva's costs calculation, however, improperly includes costs that exceed those allowable by statute and/or are unsupported.  For example, Teva overstates the costs related to the transcription of depositions by including expenditures that were not necessary for trial.  Such unnecessary expenses include the cost of word indices, exhibits, and video synchronization.  In fact, Teva has already recognized in this case that such expenditures are "undoubtedly . . . for the convenience of . . . counsel," and thus unnecessary for trial.  (D.I. 371 at 6.)  Based on Helsinn's calculations, a reasonable deduction for such costs of convenience is $5,060.27.[3]

Moreover, when calculating its costs, Teva failed to deduct the discount it received from one vendor involved in the transcription of depositions.  As discussed in detail below, a reasonable deduction to account for Teva's discount is $539.23.

---

[2] If certiorari is granted and the Federal Circuit's reversal of this Court's on-sale bar ruling with respect to the '219 patent is ultimately vacated, then Teva's Motion for Bill of Costs would be moot.

[3] Helsinn provides a detailed analysis of its determinations of taxable costs associated with deposition and trial transcription in Section II and includes a summary chart of total allowable costs as Appendix A.

Furthermore, certain of Teva's calculations lack any supporting evidence, as required by statute.  For example, for at least the January 10, 2014 deposition of Teva's expert, Dr. Karen Fancher, Teva failed to provide any invoice or receipt to substantiate the alleged costs associated with the transcription of this deposition. Absent such evidence, Teva's costs concerning deposition transcripts should be further reduced by $1,886.00.

Teva's requested transcription costs also should be reduced to correct its apparent arithmetic errors.  Even if each of Teva's itemized trial transcription costs is reported correctly (D.I. 403-1 at 5-6), the sum of each individual amount leaves $45.47 unaccounted for in Teva's calculated total for this category.  Similarly, Teva's "Costs for Deposition Transcripts Used or Reasonable Necessary for Trial" table reports a total cost of $63,494.15.  (*Id.* at 13-20.)  Yet, the sum total of each individual entry in this table leaves an unaccounted $1,240.71 from Teva's calculated total cost for this category.  Helsinn should not be held responsible for such undocumented overages.

In addition to the aforementioned transcription costs, Teva's trial witness fees are also inflated.  Specifically, Teva seeks reimbursement for the cost of the premium-priced airfares used by its expert, Dr. John Fruehauf.  Based on Helsinn's calculations (as discussed in Section II.B, *infra*), Teva's requested costs for this category should be reduced by $1,393.60.

3

Accordingly, for the reasons set forth below, Helsinn respectfully requests that the Court either reduce or deny certain of Teva's costs. Specifically, Teva's costs involving deposition and trial transcripts should be reduced by at least $8,771.68, totaling $63,138.08 for these categories. Moreover, Teva's costs involving trial witness fees under 28 U.S.C. § 1821 should be reduced by at least $1,393.60, totaling $3,248.57 in this category. In total, Teva's taxable costs should be reduced by at least $10,165.28, amounting to $91,643.14 in recoverable costs across all categories.

## I.   APPLICABLE LAW

Taxable costs are allowed under Federal Rule of Civil Procedure 54(d)(1), which provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." *See also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987) (holding that absent contract or express statutory authorization, only the costs enumerated in 28 U.S.C. § 1920 may be taxed). Local Civil Rule 54.1(a) allows for a "Bill of Costs and Disbursements" to be submitted within 30 days after the entry of a judgment. Such a bill must set forth each item so that the nature of the charge may be readily understood. L. Civ. R. 54.1(b). Accordingly, copies of all invoices must be included in support of each requested item. *Id.*; *see also Romero v. CSX Transp., Inc.*, 270 F.R.D. 199, 202 (D.N.J. 2010) (requiring

4

movant to "provide sufficient information to carry its burden of demonstrating" that requested costs fall within statutory limits).

Local Civil Rule 54.1(b) additionally requires the moving party to verify that 1) each item in its bill is correct, 2) any included service was actually and necessarily performed, and 3) all disbursements were necessarily incurred in the action. Accordingly, recoverable costs are, in practice, "narrow in scope" and "limited to relatively minor, incidental expenses." *Depomed, Inc. v. Actavis Elizabeth LLC*, Civ. Action No. 13-4507, 2018 WL 999673, at *4 (D.N.J. Feb. 21, 2018) (quoting *Taniguchi v. Kan Pacific Saipan, Ltd.*, 556 U.S. 560, 573 (2012)).

Moreover, if the non-moving party "can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power" to reduce or deny costs, the requested costs of a moving party may be reduced or denied in full. *Reger v. Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010). The ultimate taxable amount, therefore, "often fall[s] well short of the party's actual litigation expenses." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 458 (3d Cir. 2000).

## II.     HELSINN'S OBJECTIONS TO TEVA'S BILL OF COSTS

### A.     Teva's Request for Costs Associated with Deposition and Trial Transcription Should Be Reduced

#### 1.     Teva's Request for Costs Should Be Reduced for Including Items Unnecessary for Trial

This Court has held that litigation support services, such as word indices, exhibits, and video synchronization, are non-taxable expenditures because such expenses are not necessary for trial.  (D.I. 376 at 10 (recognizing that "costs of litigation support services, such as word indices, and exhibits" are routinely denied)); *see also Depomed*, 2018 WL 999673, at *9 (denying expenses toward video synchronization as "non-taxable convenience to counsel which falls outside of [statutory] bounds"); *Mylan Inc. v. SmithKline Beecham Corp.*, Civ. Action No. 10-4809, 2015 WL 1931139, at *9 (D.N.J. Apr. 28, 2015) (denying the cost of video synchronization as "not truly necessary for trial").  Rather, such costs are "for the convenience of counsel," and thus outside the bounds of recovery.  *New Jersey Mfrs. Ins. Grp. v. Electrolux, Inc.*, Civ. Action No. 10-1597, 2013 WL 517161, at *8 (D.N.J. Oct. 21, 2013).  Accordingly, these costs should be denied as non-taxable expenditures.

In this very action, Teva conceded that money spent towards word indices, exhibits, and video synchronization are "undoubtedly . . . for the convenience of . . . counsel" (D.I. 371 at 6).  Yet, Teva now seeks thousands of dollars in reimbursement for the costs of word indices alone.  For example, the invoices for

6

the depositions of Plaintiff's witnesses, Dr. Tanios Bekaii-Saab (February 12, 2014 and November 12, 2014), Daniele Bonadeo (February 20, 2013), John E. Buckingham (January 22, 2014), Dr. Giorgio Calderari (February 8, 2013 and February 9, 2013), Dr. Keith Candiotti (February 13, 2015), Roberta Cannella (February 15, 2013), Richard A. Killworth (December 20, 2013), Thomas Malefyt (March 20, 2013), and Dr. Carl Peck (December 13, 2013 and December 17, 2014), describe the itemized cost used in Teva's calculations as the "Original & One Copy of Transcript/**Word Index**." (*See e.g.*, D.I. 403-4 at 7 (emphasis added).) Teva does not subtract the cost for these word indices in its calculations.

Moreover, the itemized costs for nearly all of the remaining depositions for which Teva seeks reimbursement include similar language (*see e.g.*, *id.* at 43 (describing itemized cost as "transcript package")) or otherwise indicate that the costs of indices are included (*see e.g.*, *id.* at 3 (charging for 343 pages where the transcript without an index is only 287 pages)). Helsinn has determined the number of index pages amounts to 1,323 pages, totaling $4,022.77 that should be deducted from Teva's total calculated costs for this category.

In addition to indices, Teva also improperly included the non-taxable costs of exhibits used in the depositions of Dr. Rachid Benhamza and Riccardo Braglia. Each of the invoices for these witnesses' depositions clearly states "Exhibits" as part of the final price. (D.I. 403-4 at 14, 19.) Teva improperly used these final

prices in its calculations, without deducting the costs of exhibits.  Helsinn has

determined that the exhibits accompanying Dr. Benhamza's deposition

transcription consist of 1,318 pages, while the exhibits accompanying Riccardo

Braglia's deposition transcription consist of 301 pages.  Helsinn has also

determined that a reasonable rate for calculating the cost of exhibits is $0.50 per

exhibit page.[4]  As such, $809.50 should be deducted from Teva's requested costs to

account for the non-taxable amount spent towards exhibits.

Teva also improperly seeks to recover expenses in connection with video

synchronization.  Specifically, the invoices for the depositions of Dr. John

Fruehauf (January 9, 2015) and Dr. Paul Myrdal (January 14, 2014) include entries

for "MPEG, split, burn & **sync** to DVD or CD." (D.I. 403-4 at 40, 62 (emphasis

added).)  As this Court previously found (D.I. 376 at 11), such expenses are not

recoverable.  Applying the same 40% reduction previously used by this Court (*id.*),

Helsinn determined that $228.00 should be deducted from Teva's requested costs

for improperly including video synchronization fees.

### 2.   Teva's Request for Costs Should Be Reduced for Failing to Account for Its Vendor Discount

Another defect in Teva's calculations is its failure to account for the vendor

discount it received in connection with certain deposition transcripts.  This Court,

---

[4] After reviewing Teva's invoices, Helsinn determined that, on average, the cost of
exhibits amounts to *at least* $0.50 per page.

like courts of other circuits, has previously held that such vendor discounts should be included in the determination of taxable costs. *See Robert Bosch, LLC v. Snap-On Inc.*, Civ. Action No. 12-11503, D.I. 179, at \*25 (E.D. Mich. Sept. 25, 2014) (recommending the Court award "only the initial transcript costs (minus any applicable discounts) for the . . . depositions"); *Merck Sharp & Dohme Corp. v. Mylan Pharms. Inc.*, Civ. Action No. 09-6383, D.I. 477, at \*16 (D.N.J. Dec. 4. 2012) (deducting the vendor discount received in connection with the transcription of particular depositions); *Fischer v. Avanade, Inc.*, Civ. Action No. 05-5594, 2007 WL 3232494, at \*6 (N.D. Ill. Oct. 31, 2007) (determining total costs associated with deposition transcripts after applying movant's vendor discount). According to Helsinn's calculations,[5] $539.23 should thus be deducted from Teva's calculated costs for the transcription of depositions.

### 3.   Teva's Unsubstantiated Costs Should Be Denied

Teva's calculations of costs associated with depositions are additionally objectionable for including expenses without any supporting invoices. It has long been recognized in the Third Circuit that costs should be denied where a party "fail[s] to provide invoice documentation of the items for which it [seeks]

---

[5] Based on the invoice for Dr. Saab's November 12, 2014 deposition (D.I. 403-4 at 9), Teva appears to have received a 10% discount on the appearance fee of the reporter and the cost of transcription (excluding the index). Accordingly, Helsinn applied this discount rate to such costs where the corresponding invoice indicates Teva received a client discount. *See infra*, at Section II.A.5.

reimbursement." *Michael J. Benenson Assocs., Inc. v. Orthopedic Network of New Jersey*, 54 F. App'x 33, 37 (3d Cir. Nov. 8, 2002); *see also Lasky v. Mooresetown Twp.*, Civ. Action No. 09-05624, 2013 WL 1222648, *5 (D.N.J. Mar. 22, 2013) (denying costs "absent documentation of those expenses").  In particular, Teva did not provide any invoice or receipt in support of its alleged expenses in connection with the January 10, 2014 deposition of its expert, Dr. Fancher.  Accordingly, Teva should not recover any of the costs it seeks for this deposition.

### 4.    Teva's Request for Costs Should Be Adjusted to Correct Apparent Miscalculations

Helsinn further objects to costs associated with Teva's apparent miscalculations.  Local Civil Rule 54.1(b) requires that "[c]ounsel shall append to the verified Bill of Costs copies of all invoices in support of the request for each item."  Absent such evidentiary support, the moving party's request for reimbursement has been denied.  *See, e.g.*, *Stevens v. D.M. Bowman, Inc.*, Civ. Action No. 07-2603, U.S. Dist. LEXIS 3065, at *14, n.7 (E.D. Pa. Jan. 15, 2009) (finding costs unaccounted for in Plaintiff's itemization to be unrecoverable). Assuming *arguendo* that Teva's itemized costs (D.I. 403-1 at 9-10, 17-24) are correct, the sum of such individual amount leaves $45.47 unaccounted for with respect to trial transcription and $1,240.71 unaccounted for with respect to deposition transcription.  Together, these unaccounted-for costs (or apparent miscalculations) amount to $1,286.18.  Helsinn should not be held accountable for

Teva's miscalculations, and this amount should therefore be deducted from Teva's proposed costs for these categories.

### 5. Helsinn's Determination of Taxable Costs Associated with Deposition and Trial Transcription

Helsinn's objections and requests for a reasonable reduction in costs relating to deposition and trial transcription are detailed in the tables below.

**Table 1.  Determination of Total Taxable Costs for Deposition Transcription**

| Witness | Non-Taxable Costs | Costs with Reduction |
|---|---|---|
| Dr. Gordon Amidon (2/7/14) | • Transcript indices (57 pages x $2.10 per page = $119.70) | $1,529.86 (transcript plus indices) <br> - $119.70 <br> **$1,410.16** |
| Dr. Gordon Amidon (12/16/14) | • Transcript indices (40 pages x $1.833 per page = $73.32) | $1,733.17 (transcript plus indices) <br> - $73.32 <br> **$1,659.85** |
| Dr. Tanios Bekaii-Saab (2/12/14) | • Transcript indices (62 pages x $2.10 per page = 129.92) | $1,493.69 (transcript plus indices) <br> - $129.92 <br> **$1,363.77** |
| Dr. Tanios Bekaii-Saab (11/12/14) | • Transcript indices (85 pages x $1.50 per page = $127.50) <br><br> • Vendor discount (10% x $267.00 + 10% x 115.00 = $38.20) | $1,595.25 (transcript plus indices and no discount) <br> - $127.50 <br> - $38.20 <br> **$1,429.55** |
| Dr. Rachid Benhamza (4/4/13) | • Exhibit pages (1,318 pages x $ 0.50 per page = $659.00) | $2,693.60 (not itemized) <br> - $659.00 <br> **$2,034.60** |

| Witness | Non-Taxable Costs | Costs with Reduction |
|---|---|---|
| Daniele Bonadeo (2/20/13) | • Transcript indices (59 pages x $2.159 per page = $127.38)<br><br>• Vendor discount (10% x $766.45 + 10% x $61.20 = $82.76) | $2,817.33 (transcript plus indices and no discount)<br>- $127.38<br>- $82.76<br>**$2,607.19** |
| Riccardo Braglia (6/26/13) | • Exhibit pages (301 pages x $ 0.50 per page = $150.50) | $1,372.50 (not itemized)<br>- $150.50<br>**$1,222.00** |
| John E. Buckingham (1/22/14) | • Transcript indices (57 pages x $3.203 per page = $182.59) | $2,317.38 (transcript plus indices)<br>- $182.59<br>**$2,134.79** |
| John E. Buckingham (12/12/14) | • Transcript indices (33 pages x $1.833 per page = $60.49) | $1,002.44 (transcript plus indices)<br>- $60.49<br>**$941.95** |
| Dr. Giorgio Calderari (2/8/2013) | • Transcript indices (53 pages x $2.159 per page = $114.43)<br><br>• Vendor discount (10% x $574.29 + 10% x $61.20 = $63.55) | $2,456.47 (transcript plus indices and no discount)<br>- $114.43<br>- $63.55<br>**$2,278.49** |
| Dr. Giorgio Calderari (2/9/2013) | • Transcript indices (32 pages x $3.162 per page = $101.18)<br><br>• Vendor discount (10% x $477.47 + 10% x $20.40 = $49.79) | $1,375.30 (transcript plus indices and no discount)<br>- $101.18<br>- $49.79<br>**$1,224.33** |

| Witness | Non-Taxable Costs | Costs with Reduction |
|---------|-------------------|----------------------|
| Dr. Keith Candiotti (2/13/15) | • Transcript indices (46 pages x $5.50 per page = $253.00)<br><br>• Vendor discount (10% x $1237.50 + 10% x $32 = $ 126.95) | $3,339.75 (transcript plus indices and no discount)<br>- $253.00<br>- $126.95<br>**$2,959.80** |
| Dr. Keith Candiotti (2/21/14) | • Transcript indices (33 pages x $3.55 per page = $117.15) | $2,915.45 (transcript plus indices)<br>- $117.15<br>**$2,798.30** |
| Roberta Cannella (2/15/13) | • Transcript indices (41 pages x $2.095 per page = $85.90) | $1,999.04 (transcript plus indices)<br>-  $85.90<br>**$1,913.14** |
| Dr. Karen Fancher (1/10/14) | • Entire cost requested ($1,886.00) | **$0.00** |
| Dr. Karen Fancher (4/21/15) | • Transcript indices (6 pages x $3.50 per page = $21.00) | $166.00 (transcript plus indices)<br>-  $21.00<br>**$145.00** |
| Dr. John Fruehauf (1/9/15) | • Transcript indices (32 pages x $3.50 per page = $112.00)<br><br>• Video synchronization (40% x $475 = $190.00) | $1,660.00 (transcript plus indices and video synchronization)<br>- $112.00<br>- $190.00<br>**$1,358.00** |
| Roger Fu (3/15/13) | • Transcript indices (46 pages x $3.525 per page = $162.15) | $913.00 (transcript plus indices)<br>- $162.15<br>**$750.85** |

| Witness | Non-Taxable Costs | Costs with Reduction |
|---|---|---|
| Richard A. Killworth (12/20/13) | • Transcript indices (54 pages x $3.175 per page = $171.45)<br><br>• Vendor discount (10% x $927.10 + 10% x $99.00 = $102.61) | $ 3,006.30 (transcript plus indices and no discount)<br>- $171.45<br><u>- $102.61</u><br>**$2,732.24** |
| Dr. Lee Kirsch (2/26/15) | • Transcript indices (20 pages x $ $3.50 per page = $70.00) | $891.50 (transcript plus indices)<br><u>- $70.00</u><br>**$821.50** |
| Dr. Lee Kirsch (4/30/14) | • Transcript indices (47 pages x $3.50 per page = 164.50) | $2,035.00(transcript plus indices)<br><u>- $164.50</u><br>**$1,870.50** |
| Kathleen Lee (5/8/2013) | • Transcript indices (53 pages x $3.49 per page = $184.95) | $1,786.20 (transcript plus indices)<br><u>- $184.95</u><br>**$1,601.25** |
| Thomas Malefyt (3/20/13) | • Transcript indices (70 pages x $5.60 per page = $392.00) | $3,756.40 (transcript plus indices)<br><u>- $392.00</u><br>**$3,364.40** |
| Dr. Zoya Marriott (1/31/14) | • Transcript indices (45 pages x $2.166 per page = $97.46) | $1,421.72 (transcript plus indices)<br><u>- $97.46</u><br>**$1,324.26** |
| Andrew Miksztal (3/13/13) | -- | **$390.40** |
| Dr. Paul Myrdal (1/14/14) | • Transcript indices (41 pages x $3.50 per page =$143.50)<br><br>• Video synchronization (40% x $95.00 = $38.00) | $2,411.00 (transcript plus indices and video synchronization)<br>- $143.50<br><u>- $38.00</u><br>**$2,229.50** |

| Witness | Non-Taxable Costs | Costs with Reduction |
|---|---|---|
| Dr. Paul Myrdal (12/9/14) | • Transcript indices (29 pages x $3.50 per page = $101.50) | $920.50 (transcript plus indices)<br>- $101.50<br>**$819.00** |
| Carmine Panuccio (7/16/14) | • Transcript indices (31 pages x $1.833 per page = $56.82)<br><br>• Vendor discount (10% x $335.44 = $33.54) | $1,334.76 (transcript plus indices and no discount)<br>- $56.82<br>- $33.54<br>**$1,244.39** |
| Dr. Carl Peck (12/13/13) | • Transcript indices (64 pages x $1.848 per page = $118.27) | $1,502.25 (transcript plus indices)<br>- $118.27<br>**$1,383.98** |
| Dr. Carl Peck (12/17/14) | • Transcript indices (43 pages x $1.85 per page = $79.46) | $1,064.93 (transcript plus indices)<br>- $79.46<br>**$985.47** |
| John Russell (2/14/14) | • Transcript indices (46 pages x $3.50 per page = $161.00) | $1,305.50 (transcript plus indices)<br>- $161.00<br>**$1,144.50** |
| Silvia Sebastiani (7/1/14) | • Transcript indices (24 pages x $2.75 per page = $66.05)<br><br>• Vendor discount (10% x $352.25 + 10% x $66.00 = $41.83) | $1,349.30 (transcript plus indices and no discount)<br>- $66.05<br>- $41.83<br>**$1,241.42** |
| Dr. Bert Spilker (1/16/14) | • Transcript indices (33 pages x $3.50 per page = $115.50) | $1,387.00 (transcript plus indices)<br>- $115.50<br>**$1,271.50** |
| Dr. Bert Spilker (1/17/14) | • Transcript indices (18 pages x $3.50 per page = $63.00) | $726.00 (transcript plus indices)<br>- $63.00<br>**$663.00** |

| Witness | Non-Taxable Costs | Costs with Reduction |
|---|---|---|
| Dr. Bert Spilker (11/12/14) | • Transcript indices (22 pages x $3.50 per page = $77.00) | $834.50 (transcript plus indices)<br>-  $77.00<br>**$757.50** |
| Valentino J. Stella (5/10/13) | • Transcript indices (18 pages x $3.95 per page = $71.10) | $1,439.95 (transcript plus indices)<br>-  $71.10<br>**$1,368.85** |
| Limor Zahavi (4/25/13) | • Transcript indices (29 pages x $3.50 per page = $101.50) | $1,424.00 (transcript plus indices)<br>- $101.50<br>**$1,322.50** |
| **Total** | **$7,485.50** | **$54,767.94** |

**Table 2.  Determination of Total Taxable Costs**
**Associated with Deposition and Trial Transcriptions**

| | |
|---|---|
| Total Taxable Costs for Deposition Transcripts[6] | **$54,767.94** |
| Teva's Calculated Costs for Trial Transcripts | **$8,415.61** |
| **Adjustment for Teva's Apparent Miscalculations Related to Trial Transcripts** | - $45.47<br>**$63,138.08** |

### B.  Teva's Request for Premium Airfare Costs Should Be Reduced as Excessive

Teva's proposed costs also improperly include unreasonable witness travel

fees.  Under 28 U.S.C. § 1821(c)(1), a witness who is required to travel "shall

utilize a common carrier *at the most economical rate reasonably available*.  A

receipt or other evidence of actual cost shall be furnished."  (emphasis added).

Accordingly, airfare expenses that appear excessive are routinely reduced or

---

[6] Helsinn's determination of the total taxable costs for deposition transcripts avoids Teva's apparent miscalculations related to deposition transcripts.  Accordingly, no further adjustment is needed for this cost category.

denied, particularly where the moving party fails to provide actual underlying receipts.  *See In re Jacoby Airplane Crash Litig.*¸ Civ. Action No. 99-6073, 2008 U.S. Dist. LEXIS 118037, at *14 (D.N.J. Oct. 7, 2008) (reducing airfare costs by 50% because the costs were "excessive and not the 'most economical and rate reasonably available'"); *Greene v. Fraternal Order of Police*, 183 F.R.D. 445, 450 (E.D.  Pa. Dec. 21, 1998) (finding support that "seem[ingly] high" airfares "were the most 'economical rate reasonably available' [was needed] or these costs will be disallowed").  Under such circumstances, a 50% reduction is routinely applied. (D.I. 376 at 16 (reducing the cost of business-class airfare by 50%)); *see also Depomed*, 2018 WL 999673, at *10 (finding that the clerk "must deny 50% of the requested first- or business-class airfare" because only the "most economical common carrier" is taxable).

While the invoices provided by Teva do not attach any underlying airfare receipts, it is clear from the invoiced prices of $834.20 and $1,953.00 for the travel of Teva's expert, Dr. Fruehauf, respectively on June 1, 2015 and June 4, 2015, that such flights were not economy class.  Helsinn has determined the most economical rate available on these dates amounts to less than $500.00 per flight.[7]  Accordingly,

_____

[7] Using Google Flights (https://www.google.com/flights/#search;f=LAX;t=EWR; d=2018-06-01;r=2018-06-04;s=0), Helsinn made this determination by surveying the cost of economy, round-trip, non-stop flights on Dr. Fruehauf's travel dates, assuming the most economical route from Dr. Fruehauf's residence in Tustin, CA to the location of trial in Newark, NJ is LAX to EWR.

a reduction of 50% applied to Teva's requested costs for Dr. Fruehauf's airfare is reasonable.  Such a reduction adjusts the total cost of his air travel on these two dates from $2,787.20 to $1,393.60.

## CONCLUSION

For the foregoing reasons, Helsinn respectfully requests that the Court reduce Teva's requested costs by $10,165.28 to a total of $91,643.14 in taxable costs.

Dated:  April 20, 2018                    Respectfully submitted,

                                  By:  s/ Sarah A. Sullivan
                                        Charles M. Lizza
                                        William C. Baton
                                        Sarah A. Sullivan
                                        SAUL EWING ARNSTEIN & LEHR LLP
                                        One Riverfront Plaza, Suite 1520
                                        Newark, New Jersey 07102-5426
                                        (973) 286-6700
                                        clizza@saul.com


                                        *Of Counsel*:

                                        Joseph M. O'Malley, Jr.
                                        Eric W. Dittmann
                                        Young J. Park
                                        Isaac S. Ashkenazi
                                        Dana Weir
                                        PAUL HASTINGS LLP
                                        200 Park Avenue
                                        New York, New York 10166
                                        (212) 318-6000
                                        josephomalley@paulhastings.com
                                        ericdittmann@paulhastings.com
                                        youngpark@paulhastings.com
                                        isaacashkenazi@paulhastings.com
                                        danaweir@paulhastings.com

                                        *Attorneys for Plaintiff*
                                        *Helsinn Healthcare S.A.*

**Appendix A**

| | Teva's Requested Amount | Helsinn's Calculated Reasonable Amount | Reduction Rationale |
|---|---|---|---|
| **TRIAL TRANSCRIPTION** | | | |
| Transcript of Trial Proceedings held on June 2, 2015 before Hon. Mary L. Cooper (D.I. 320.) | $779.63 | $779.63 | |
| Transcript of Trial Proceedings held on June 3, 2015 before Hon. Mary L. Cooper (D.I. 322.) | $606.38 | $606.38 | |
| Transcript of Trial Proceedings held on June 4, 2015 before Hon. Mary L. Cooper (D.I. 324.) | $720.72 | $720.72 | |
| Transcript of Trial Proceedings held on June 5, 2015 before Hon. Mary L. Cooper (D.I. 326.) | $699.93 | $699.93 | |
| Transcript of Trial Proceedings held on June 8, 2015 before Hon. Mary L. Cooper (D.I. 328.) | $862.79 | $862.79 | |
| Transcript of Trial Proceedings held on June 9, 2015 before Hon. Mary L. Cooper (D.I. 330.) | $734.58 | $734.58 | |
| Transcript of Trial Proceedings held on June 10, 2015 before Hon. Mary L. Cooper (D.I. 331.) | $966.74 | $966.74 | |
| Transcript of Trial Proceedings held on June 11, 2015 before Hon. Mary L. Cooper (D.I. 337.) | $644.49 | $644.49 | |
| Transcript of Trial Proceedings held on June 12, 2015 before Hon. Mary L. Cooper (D.I. 340.) | $738.05 | $738.05 | |

| | | | |
|---|---|---|---|
| Transcript of Trial Proceedings held on June 15, 2015 before Hon. Mary L. Cooper (D.I. 342.) | $738.09 | $738.09 | |
| Transcript of Trial Proceedings held on June 16, 2015 before Hon. Mary L. Cooper (D.I. 344.) | $654.89 | $654.89 | |
| Transcript of Closing Arguments held on August 12, 2015 before Hon. Mary L. Cooper (D.I. 353.) | $223.85 | $223.85 | |
| **Total** | **$8,415.61** | **$8,370.14** | Corrects Teva's apparent miscalculation |
| | | | |
| **DEPOSITION TRANSCRIPTION** | | | |
| Gordon Amidon (2/7/14) | $1,529.86 | $1,410.16 | 57 pages of indices |
| Gordon Amidon (12/16/14) | $1,733.17 | $1,659.85 | 40 pages of indices |
| Tanios Bekaii-Saab (2/12/14) | $1,493.69 | $1,363.77 | 62 pages of indices |
| Tanios Bekaii-Saab (11/12/14) | $1,595.25 | $1,429.55 | 85 pages of indices; vendor discount |
| Rachid Benhamza (4/4/13) | $2,693.60 | $2,034.60 | Non-itemized invoice; 1,318 pages of exhibits |
| Daniele Bonadeo (2/20/13) | $2,817.33 | $2,607.19 | 59 pages of indices; vendor discount |
| Riccardo Braglia (6/26/13) | $1,372.50 | $1,222.00 | Non-itemized invoice; 301 pages of exhibits |
| John E. Buckingham (1/22/14) | $2,317.38 | $2,134.79 | 57 pages of indices |
| John E. Buckingham (12/12/14) | $1,002.44 | $941.95 | 33 pages of indices |
| Giorgio Calderari (2/8/2013) | $2,456.47 | $2,278.49 | 53 pages of indices; vendor discount |
| Giorgio Calderari (2/9/2013) | $1,375.30 | $1,224.33 | 32 pages of indices; vendor discount |
| Keith Candiotti (2/13/15) | $3,339.75 | $2,959.80 | 46 pages of indices; vendor discount |
| Keith Candiotti (2/21/14) | $2,915.45 | $2,798.30 | 33 pages of indices |
| Roberta Cannella (2/15/13) | $1,999.04 | $1,913.14 | 41 pages of indices |
| Karen Fancher (1/10/14) | $1,886.00 | $0.00 | No invoice or receipt provided |
| Karen Fancher (4/21/15) | $166.00 | $145.00 | 6 pages of indices |
| John Fruehauf (1/9/15) | $1,660.00 | $1,358.00 | 32 pages of indices; video synchronization |
| Roger Fu (3/15/13) | $913.00 | $750.85 | 46 pages of indices |
| Richard A. Killworth (12/20/13) | $3,006.30 | $2,732.24 | 54 pages of indices; vendor discount |
| Lee Kirsch (2/26/15) | $891.50 | $821.50 | 20 pages of indices |

2

| | | | |
|---|---|---|---|
| Lee Kirsch (4/30/14) | $2,035.00 | $1,870.50 | 47 pages of indices |
| Kathleen Lee (5/8/2013) | $1,786.20 | $1,601.25 | 53 pages of indices |
| Thomas Malefyt (3/20/13) | $3,756.40 | $3,364.40 | 70 pages of indices |
| Zoya Marriott (1/31/14) | $1,421.72 | $1,324.26 | 45 pages of indices |
| Andrew Miksztal (3/13/13) | $390.40 | $390.40 | |
| Paul Myrdal (1/14/14) | $2,411.00 | $2,229.50 | 41 pages of indices; video synchronization |
| Paul Myrdal (12/9/14) | $920.50 | $819.00 | 29 pages of indices |
| Carmine Panuccio (7/16/14) | $1,334.76 | $1,244.39 | 31 pages of indices; vendor discount |
| Carl Peck (12/13/13) | $1,502.25 | $1,383.98 | 64 pages of indices |
| Carl Peck (12/17/14) | $1,064.93 | $985.47 | 43 pages of indices |
| John Russell (2/14/14) | $1,305.50 | $1,144.50 | 46 pages of indices |
| Silvia Sebastiani (7/1/14) | $1,349.30 | $1,241.42 | 24 pages of indices; vendor discount |
| Bert Spilker (1/16/14) | $1,387.00 | $1,271.50 | 33 pages of indices |
| Bert Spilker (1/17/14) | $726.00 | $663.00 | 18 pages of indices |
| Bert Spilker (11/12/14) | $834.50 | $757.50 | 22 pages of indices |
| Valentino J. Stella (5/10/13) | $1,439.95 | $1,368.85 | 18 pages of indices |
| Limor Zahavi (4/25/13) | $1,424.00 | $1,322.50 | 29 pages of indices |
| **Total** | **$63,494.15** | **$54,767.94** | Corrects Teva's apparent miscalculation |
| | | | |
| **WITNESS FEES** | | | |
| **Trial Witnesses** | | | |
| David Frame | Per Diem (6/8/15) | $40 | $40 | |
| | Per Diem (Travel Day) | $40 | $40 | |
| | Subsistence in NJ (6/8/2015) | $188.00 | $188.00 | |
| | Subsistence in NJ (Travel Day) | $45.75 | $45.75 | |

| | | | | |
|---|---|---|---|---|
| John Fruehauf | Per Diem (6/4/15) | $40 | $40 | |
| | Per Diem (6/2/15) | $40 | $40 | |
| | Subsistence in NJ (6/4/2015) | $188.00 | $188.00 | |
| | Subsistence in NJ (6/2/15) | $45.75 | $45.75 | |
| | Airfare (6/1/15) | $834.20 | $417.10 | Most economic common carrier |
| | Car Service (6/2/15) | $156.58 | $156.58 | |
| | Airfare (6/4/15) | $1,953.00 | $976.50 | Most economic common carrier |
| Lee Kirsch | Per Diem (6/5/15) | $40 | $40 | |
| | Per Diem (5/31/15) | $40 | $40 | |
| | Subsistence in NJ (6/5/15) | $188.00 | $188.00 | |
| | Subsistence in NJ (5/31/15) | $45.75 | $45.75 | |
| | Airfare (5/31/15 – 6/6/15) | $603.20 | $603.20 | |
| | Car Service (6/6/15) | $153.94 | $153.94 | |
| **Total** | | **$4,642.17** | **$3,248.57** | |
| | | | | |
| **Deposition Witnesses** | | | | |
| Karen Fancher (1/9-10/14) | Attendance Fee | $80.00 | $80.00 | |
| | Subsistence | $315.25 | $315.25 | |
| John Fruehauf (1/9/15) | Attendance Fee | $40.00 | $40.00 | |
| | Subsistence | $71.00 | $71.00 | |
| Lee Kirsch (4/29-30/14) | Attendance Fee | $80.00 | $80.00 | |
| | Subsistence | $310.25 | $310.25 | |
| | Transportation | $930.00 | $930.00 | |

| | | | | |
|---|---|---|---|---|
| Lee Kirsch (2/26/15) | Attendance Fee | $40.00 | $40.00 | |
| | Subsistence | $46.00 | $46.00 | |
| Paul Myrdal (1/12/14, 1/14/14) | Attendance Fee | $80.00 | $80.00 | |
| | Subsistence | $252.25 | $252.25 | |
| | Transportation | $451.80 | $451.80 | |
| Paul Myrdal (12/7/14, 12/9/14) | Attendance Fee | $80.00 | $80.00 | |
| | Subsistence | $256.25 | $256.25 | |
| | Transportation | $472.70 | $472.70 | |
| John Russell (2/13-14/14) | Attendance Fee | $80.00 | $80.00 | |
| | Subsistence | $315.25 | $315.25 | |
| Bert Spilker (1/15-16/14) | Attendance Fee | $120.00 | $120.00 | |
| | Subsistence | $577.25 | $577.25 | |
| Bert Spilker (11/11-12/14) | Attendance Fee | $80.00 | $80.00 | |
| | Subsistence | $428.25 | $428.25 | |
| **Total** | | **$5,106.25** | **$5,106.25** | |
| | | | | |
| **EXEMPLIFICATION AND COPIES OF PAPER** | | | | |
| Black and white copies of trial exhibits | | $14,009.76 | $14,009.76 | |
| Color copies of trial exhibits | | $6,140.48 | $6,140.48 | |
| **Total** | | **$20,150.24** | **$20,150.24** | |

| | Teva's Requested Amount | Helsinn's Calculated Reasonable Amount | Total Reduction Needed |
|---|---|---|---|
| **TOTAL TAXABLE COSTS** | $101,808.42 | $91,643.14 | $10,165.28 |